Bay, J.
who presided at the trial of this cause at Cam* den, refused to admit this testimony ; as it appeared by-defendant’s own shewing, by production of his deed, that it contained only a single covenant, i. e. that of a general warranty, with which the defendant was content at the time of concluding the bargain for the land ; and it is a well known rule of law, that a grantor is not liable on that cove- ... , . . , uant, till an eviction by a third person having a title paramount. If there had been a covenant that grantor was lav/fully seised, &c. then, upon discovery of the defect of title, an action would lay on such covenant. A grantee is aot obliged to wait in such case, till there is an eviction. *78 9 Co. 61. Wood. Conv. 403, 404. but may bring his action, and give the defect in evidence. See the case of Pringle v. Executors of Witten, Bay's Reports, vol. 1. p. 255. But no such covenant as this latter one, was in the deed produced. He further observed, that this appeared to him not to be a contract executory, but one fully executed, which left the parties to their mutual remedies against each other.
The case went to the jury, and they found for the plaintiff the amount of the bond. Mr. Johnson gave notice of a motion for a new trial on the ground of misdirection in the judge, and for refusing to admit the testimony he had offered.
The case was accordingly carried up to the constitutional court of appeals at Columbia.
Present, Burke, Grimke, Waties and Bay.
Mr. Johnson, agreeable to his notice at Camden, brought forward his motion for a new trial, when nearly the same grounds were taken by him, which he had urged on the tidal, with this additional ground, that the recitals in a deed of a good title was tantamount to a covenant that the seller was lawfully seised, &c. and that such recitals and the acknowledgment of the consideration money, raised such an implied covenant in law, as would permit the defendant to give evidence to the contrary, and shew that the grantor was not lawfully seised, &c. at the time of sale; which was opposed by Mr. Deas, upon similar principles to those he had offered at Camden, in support of the plaintiff’s action.
A majority of the judges, Grimke and Waties, after hearing the arguments, were of opinion, that the testimony offered on the part of the defendant should have been permitted to have gone to the jury, upon the equitable ground of a failure of consideration.
State i>»se •
Gray and casc^vór” * Jale^s
That it had been determined over and over again, that wherever there was a deception or a failure of consideration, it vitiated a contract from what cause soever it might arise. That this was a good ground to recover back money which had been paid away on such a contract, which had failed ; and if so, then it was equally as good a ground of defence, against a demand of money, where there was such a failure alleged. They admitted that the old law was as had been stated, that there must be an eviction by a third person, to entitle a defendant to go over against the grantor or person conveying, which made a circuity of actions necessary ; whereas, the mode contended for by the defendant in this case, prevented the multiplicity of actions. That many modern improvements had been made upon the old law, and this appeared to them to be a wise one, which had been much encouraged lately by courts of justice.
Rule for a new trial made absolute, but to be without costs, as the jury had found agreeable to the charge of the judge.